
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BALDEV SINGH RANDHAWA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-70477

Agency No. A096-144-229

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 18, 2019
San Francisco, California

Before:  PAEZ and RAWLINSON, Circuit Judges, and ANELLO,** District Judge.

In this reopened case, Baldev Singh Randhawa (Randhawa), a native and

citizen of India, petitions for review of the decision of the Board of Immigration

Appeals (Board) affirming the denial of his application for asylum, withholding of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Michael M. Anello, United States District Judge for
the Southern District of California, sitting by designation.

removal, humanitarian asylum, and relief under the Convention Against Torture (CAT).

We review questions of law *de novo*, and factual findings for substantial evidence. *See Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019). "Under the substantial evidence standard, we uphold the Board's determination unless compelled to conclude to the contrary." *Id.* (citation and internal quotation marks omitted).

When deciding whether Randhawa could reasonably relocate within India, the Board afforded Randhawa the presumption of future persecution. However, the Board limited its analysis to whether Punjabi police would pursue Randhawa into other parts of India, without addressing the individualized harm that Randhawa might experience at the hands of local authorities in other states. In *Singh*, we concluded that a similar analysis was inadequate because it failed to "account for the persecution [Petitioner] may face outside Punjab from local authorities." *See id.* at 661. We explained that where a petitioner has demonstrated "a well-founded fear of future persecution at the hands of the government, a rebuttable presumption arises that the threat exists nationwide." *Id.* (citation omitted). We concluded that by not considering potential persecution from outside Punjab, the BIA "failed to apply [the] nationwide presumption to

Singh's asylum claim." *Id.* We remanded for the BIA to apply the correct analysis in determining whether Singh could reasonably relocate. *See id.* The same result for this case is dictated by our controlling precedent. Consistent with our ruling in *Singh*, we therefore remand for the BIA to properly analyze whether Randhawa may reasonably relocate in view of the rebuttable presumption "that the threat [of persecution] exists nationwide." *Id.*

We also grant the petition on Randhawa's claims for humanitarian asylum and CAT relief. Randhawa's removal proceedings were reopened for the Board to consider new evidence of persecution, most significantly, the harassment, abuse, and molestation of Randhawa's wife. The agency erred when it failed to address that evidence. In assessing whether past mistreatment rises to the level of persecution warranting humanitarian asylum, persecution suffered by family members is pertinent. *See Lal v. INS*, 255 F.3d 998, 1009-1010 (9th Cir. 2001) (discussing the fact that petitioner was forced to watch the sexual assault of his wife); 8 C.F.R. § 1208.13(b)(1)(iii). Accordingly, we remand for the Board to consider the new evidence of the harassment, abuse, and molestation of Randhawa's wife by the police as relevant to his humanitarian asylum claim, *see Singh*, 914 F.3d at 662; *see also Lal*, 255 F.3d at 1009-1010, and to his CAT claim. *See Parada v. Sessions*, 902 F.3d 901, 916 (9th Cir. 2018) (remanding for

3

further consideration because the agency erred in failing to consider all relevant evidence).

**PETITION GRANTED; REMANDED.**